IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Peninsula Petroleum Limited, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | District Judge: _____ |
| Lukoil Pan-Americas LLC, | ) | |
| | ) | Magistrate Judge: _____ |
| Defendant, | ) | |
| | ) | |
| and | ) | **IN ADMIRALTY** |
| | ) | |
| Chevron U.S.A. Inc. | ) | |
| Citgo Petroleum Corporation | ) | **VERIFIED COMPLAINT AND** |
| Trafigura AG | ) | **REQUEST FOR ISSUE OF** |
| Trafigura Trading LLC | ) | **WRITS OF MARITIME** |
| Exxonmobil Sales and Supply LLC | ) | **ATTACHMENT AND** |
| Valero Marketing and Supply Company, | ) | **GARNISHMENT** |
| | ) | |
| Garnishees. | ) | |

Plaintiff Peninsula Petroleum Limited ("Peninsula" or "Plaintiff") brings this action against Defendant Lukoil Pan-Americas LLC ("Lukoil" or "Defendant"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

**Jurisdiction and Venue**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and

seeks to obtain security in assistance of New York maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishees named herein are located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Peninsula is an Irish corporation. At all times relevant to this action, Peninsula was the owner of the charterer of the M/T CONQUEROR (the "Vessel") to Lukoil.

5. Lukoil is a Delaware corporation and has its principal place of business at 1095 6th Ave #33R, New York, NY 10036. Lukoil trades fuel oil, naphtha, intermediate feedstocks and other finished petroleum products in North America, South America and the Caribbean. Lukoil's customers include power plants, petrochemical plants, major oil companies, independent refiners and wholesale marketers.

6. The Garnishees named herein are entities registered to do business, and with agents authorized to accept service of process, in this District. On information and belief, the Garnishees hold property in which Lukoil has an interest.

## Facts

7. Peninsula and Lukoil were parties to a charterparty agreement (the "Charterparty"), entered into on or about May 6, 2022, pursuant to which Peninsula agreed to charter the Vessel to Lukoil.

8. Pursuant to the Charterparty, Lukoil was and is liable for *inter alia* all demurrage charges that accrue against the Vessel.

9. Lukoil on or about May 7, 2022 began the Charterparty at Balboa, Panama, and then operated the Vessel to carry petroleum products to ports in the Caribbean including Esmeraldas, Bahamas and St. Eustatius.  During this time, Lukoil failed to load or discharge the Vessel within the time agreed in the Charterparty and therefore accrued demurrage charges owing to Peninsula as required in the Charterparty.

10. After Lukoil's failure to pay demurrage charges, Peninsula demanded payment from Lukoil as demanded in the Charterparty.  Lukoil has paid some of the charges, but refuses to pay demurrage charges accruing at Esmeraldas, Bahamas and St. Eustatius, as well as per the Charterparty, commission due on those charges, totaling $316,367.20.

11. The Charterparty provides for arbitration of disputes in New York, and that awards in arbitration may include costs, having a reasonable allowance for attorney's fees, and that judgment may be entered upon any award made by the arbitrators in any court with jurisdiction in the premises.

12. Peninsula intends if there is not payment to commence arbitration as set out in the Charterparty.  New York maritime arbitration proceedings typically extend to two years and Lukoil therefore may be liable for maritime prejudgment interest for that period.

13. Peninsula estimates that the fees and costs of arbitration and this action, including arbitrator and attorneys fees and related costs which it will seek in the arbitration to have taxed against Lukoil may be at least $100,000.

14. Import records of the United States, as well as other public and non-public information, confirm that each Garnishee regularly does business with Lukoil.

**Count I – Breach of Maritime Contract**

15. Peninsula incorporates the above paragraphs as if fully set forth herein.

16. Lukoil has breached its maritime contract with Peninsula (the Charterparty) as set out more fully above.

17. Despite repeated demand, Peninsula remains unpaid for amounts due under the Charterparty and the amounts Peninsula reasonably expects to incur as a result of Lukoil's breach of maritime contract.

18. Peninsula demands judgment against Lukoil as set forth more fully below.

### **Count II – Maritime Attachment and Garnishment (Rule B)**

19. Peninsula incorporates the above paragraphs as if fully set forth herein.

20. Peninsula seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

21. No security for Peninsula's claims has been posted by Lukoil or anyone acting on its behalf to date.

22. Lukoil cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction.

WHEREFORE, Peninsula prays:

A. That process in due form of law issue against Lukoil, citing it to appear and answer under oath each and every one of the matters alleged in the Verified Complaint;

B. That since Lukoil cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Lukoil's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Lukoil, up to the amount of at least **$437,310.70** ( $316,367.20 principal, demurrage owed, maritime prejudgment interest at a 3 month average T-Bill rate, currently 3.31% for two years, $20,943.50, interest plus estimated arbitration and related fees and costs of $100,000), to secure Peninsula's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

4

C.     To conserve the resources of the U.S. Marshal's Service and to effect service of process of Maritime Attachment and Garnishment promptly and economically, since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, that such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.     That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E.     That Peninsula may be granted such other, further, and different relief as may be just and proper.

DATED: October 12, 2022                                       Respectfully submitted,

s/ Kelly E. Mulrane
Kelly E. Mulrane (0088133) trial attorney
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF, LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330

OF COUNSEL:
J. Stephen Simms, *pro hac vice* pending
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
Email: jssimms@simmsshowers.com

Attorneys For Plaintiff Peninsula

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, lead counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Lukoil in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2022.

_____
J. Stephen Simms